UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C., a Minor, By and Through His Parent and Natural Guardian, Shannon Greene,<br><br>Plaintiff,<br><br>vs.<br><br>SR99RH1, LP, d/b/a McDonald's,<br><br>Defendant. | Case No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, J.C., a Minor, By and Through His Parent and Natural Guardian, Shannon Greene, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, SR99RH1, LP, d/b/a McDonald's, demands a trial by jury, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*, and 28 U.S.C. §§1331 and 1343.

2. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4. Plaintiff, J.C. ("Plaintiff J.C."), a minor, is a seventeen (17) year old African-American resident of the Commonwealth of Pennsylvania, residing therein with his parent and natural guardian, Shannon Greene, in Middletown, Dauphin County, Pennsylvania.

5. Defendant, SR99RH1 d/b/a McDonald's ("Defendant") is a Pennsylvania corporation with a principal place of business located in Middletown, Dauphin County, Pennsylvania.

6. At all times relevant to this Complaint, Defendant was a franchise owner and operator of a McDonald's fast-food restaurant located at 2270 West Harrisburg Pike, Middletown, Dauphin County, Pennsylvania (the "Defendant McDonald's"), at which Plaintiff J.C. was employed.

## ADMINISTRATIVE PROCEEDINGS

7. On or about November 8, 2021, Plaintiff J.C. initiated a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")

which was docketed as Charge No. 530-2022-00838, with instructions to be cross-filed by the EEOC with Pennsylvania Human Relations Commission ("PHRC").

8. Plaintiff J.C. has been advised of his right to sue in federal court, which notice was dated March 28, 2022 a received thereafter.[1]

9. All necessary and appropriate administrative prerequisites with regard to the EEOC have occurred.

## STATEMENT OF FACTS

10. Plaintiff J.C. began working for Defendant as a part-time crew member in or around July 2019. Plaintiff J.C. was hired by Store Manager Anthony Hill.

11. Plaintiff J.C.'s Caucasian Assistant Store Manager, Janice Clemens, frequently punished Plaintiff J.C. disparately compared to his non-African American coworkers.

12. Specifically, Ms. Clemens frequently reprimanded Plaintiff J.C. for engaging in similar activities as his non-African American coworkers who were not punished for such, including using the restroom or using the soda fountain.

13. On July 3, 2021, Plaintiff J.C. was again reprimanded by Ms. Clemens for using the restroom and the soda fountain at work, while Plaintiff J.C.'s non-

---

[1] Plaintiff J.C.'s claims for race discrimination were all "dual-filed" with the PHRC on or about November 8, 2021. As such, Plaintiff intends to amend his Complaint to include these state claims once they become ripe one year from their PHRC filing date.

African American coworkers were not reprimanded for the same. Plaintiff J.C. was subsequently issued a behavioral write-up for allegedly loitering in the restaurant and was sent home from work for the day.

14. While waiting to be picked up from Defendant McDonald's by a family member after being sent home by Ms. Clemens, Plaintiff J.C. subsequently ordered a drink from Defendant McDonald's and sat in the dining area of the restaurant to drink the beverage while waiting.

15. It was common practice for Defendant's employees to eat and/or drink in the dining room after they completed a work shift.

16. As he was waiting, Ms. Clemens entered the dining room and demanded that Plaintiff J.C. leave the premises.

17. Plaintiff J.C. informed Ms. Clemens that he was waiting for a ride home from work and that he would soon be leaving.

18. Ms. Clemens then issued Plaintiff J.C. a behavioral write-up – the second in one day – for "walking around drinking and refilling a cup not given to him and not leaving the building." The second July 3rd write-up identified this behavior as "unlawful" but did not provide any description of how such behavior was allegedly "unlawful."

19. Ms. Clemens then elevated her voice in front of Defendant's customers Plaintiff J.C.'s coworkers, and threatened to call the police if Plaintiff J.C. did not immediately leave Defendant McDonald's.

20. Upon information and belief, Ms. Clemens never threatened to call the police on Plaintiff J.C.'s non-African American coworkers who were either released from their shift early or dining in the restaurant dining room while waiting for transportation home from work.

21. Subsequently, Plaintiff J.C. was not scheduled to work any further shifts by Defendant and was effectively terminated by Defendant for engaging in behavior similar to that of his non-African American coworkers.

22. Plaintiff J.C.'s termination by Defendant and removal from Defendant McDonald's by Defendant was based on his race, in violation of Section 1981 and Title VII.

### COUNT I

**VIOLATIONS OF 42 U.S.C. § 1981**
*Race Discrimination*
*Employee/Employer*

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. At all times relevant herein, Plaintiff J.C. maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

25. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff J.C. on the basis of his African American race and black skin color, and thereby deny him the benefits of the contractual relationship she had entered with Defendants.

26. Plaintiff J.C. has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff J.C., seeks the damages against Defendant, SR99RH1, LP, d/b/a McDonald's, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF 42 U.S.C. § 1981
*Race Discrimination*
*Customer/Merchant*

27. All prior paragraphs are incorporated herein as if set forth fully below.

28. At all times relevant herein, Plaintiff J.C. maintained or sought to maintain a contractual relationship with Defendant; specifically, a customer and merchant relationship.

29. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff J.C. on the

basis of his African American race and black skin color, and thereby deny him the benefits of the contractual relationship she had entered with Defendants.

30. Plaintiff J.C. has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff J.C., seeks the damages against Defendant, SR99RH1, LP, d/b/a McDonald's, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### VIOLATIONS OF TITLE VII
*Discrimination - Race and Skin Color*

31. All prior paragraphs are incorporated herein as if set forth fully below.

32. Plaintiff J.C. was subjected to discrimination on the basis of his African American race and black skin color in violation of Title VII, as described above.

33. The race and skin color discrimination to which Plaintiff J.C. was subjected would have detrimentally affected any reasonable person in his position.

34. Defendants' failure to maintain a workplace free from race and skin color discrimination was intentional, malicious, and in reckless indifference to Plaintiff J.C.'s protected federal rights.

35. At all times relevant and material to this Complaint, Plaintiff J.C. was a member of a protected class.

36. As a result of Defendants' actions, Plaintiff J.C. has had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

37. Plaintiff J.C. has suffered and continues to suffer irreparable harm as a result of Defendants' violation of his protected federal rights.

**WHEREFORE**, Plaintiff J.C., seeks the damages against Defendant, SR99RH1, LP, d/b/a McDonald's, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff J.C. prays that this Honorable Court enters judgment in his favor and against Defendant, SR99RH1, LP, d/b/a McDonald's, and that it enters an Order as follows:

    a. Defendant is to be permanently enjoined from discriminating, harassing, or retaliating against Plaintiff on the basis of his race, skin color, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing, or retaliating against employees based on their race, skin color, and/or any basis prohibited under applicable federal and state law, and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded Punitive damages as provided for under Section 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

i.     Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.     The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

(This space intentionally left blank.)

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: June 27, 2022

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*